HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATTI MCEUEN SOUTHERLAND, individually and d/b/a DIVESEATTLE,<br><br>    Plaintiff,<br><br>v.<br><br>KING COUNTY (Parks Division of the Department of Natural Resources), a municipal corporation; MICHAEL DUNWIDDIE, Regional Aquatics Center Coordinator, Weyerhaeuser King County Aquatic Center,<br><br>    Defendant. | Case No. 2:18-cv-00497-RAJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal. Dkt. # 17. The Court **GRANTS** Plaintiff's Motion.

## II. BACKGROUND

On March 6, 2018, Plaintiff filed a complaint in King County Superior Court against Defendants King County and Michael Dunwiddie, the Regional Aquatic Center Coordinator for Weyerhaeser King County Aquatics Center (KCAC). Dkt. # 1-2. KCAC is owned and operated by King County. *Id.* Plaintiff brought claims for gender and marital status discrimination under Washington law, claims for due process violations under 42 U.S.C. § 1983, as well as claims for defamation, tortious interference, and breach of

ORDER – 1

contract. *Id.* On April 4, 2018, Defendants removed the action to federal court. Dkt. # 1. Defendants filed an answer to the complaint on April 9, 2018. Dkt. # 6.

On November 8, 2018, Plaintiff moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Dkt. # 17. Defendants did not file a response to Plaintiff's Motion.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order by filing: (1) a notice of dismissal prior to a defendant's service of an answer or motion for summary judgment or (2) a stipulation of dismissal signed by all appearing parties. Fed. R. Civ. P. 41(a)(1). Federal Rule of Civil Procedure 41(a)(2) provides that in all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "Plain legal prejudice is not merely the prospect of another lawsuit. Plain legal prejudice means prejudice to some legal interest, legal claim, or legal argument." *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (citing *Smith*, 263 F.3d at 975). Other forms of prejudice are insufficient, including uncertainty over an unresolved dispute, delay in resolving a dispute, and undue expense. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir. 1996). "The decision to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is addressed to the sound discretion of the district court." *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).

//

//

ORDER – 2

## IV. DISCUSSION

Once the defendant serves an answer or a motion for summary judgment, the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1) and must file a motion for voluntary dismissal under Rule 41(a)(2). *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Plaintiff meets that requirement here. She further explains that the parties were set for mediation when counsel withdrew from representing her in this matter. Dkt. # 17 at 3; *see also* Dkt. # 15 (motion to withdraw as attorney). Plaintiff claims that she is unable to procure new counsel at this time and requests the Court dismiss this action. Dkt. # 17 at 3. Given the relatively early stage of the proceedings, and finding no legal prejudice to Defendants, the Court will dismiss the action. *See, e.g.*, *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (granting motion for voluntary dismissal without prejudice where plaintiff had inability to find counsel early in proceedings).

A related issue is whether the dismissal should be conditioned on awarding attorney's fees and costs to Defendants. When granting a voluntary dismissal under Rule 41(a)(2) it is within the district court's discretion to condition it upon the plaintiff's payment of the defendant's fees and costs. *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). "A defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for which is not useful in continuing litigation between the parties." *Id.* at 652. "In determining whether to award costs . . . to [a] defendant[ ] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540 (internal quotation marks omitted). Given the above factors, the Court will not award fees and costs as a condition of dismissal. First, Defendants have not incurred significant costs in litigating this suit given how little the case has progressed. Further, Plaintiff did not unduly delay in seeking dismissal one month after the Court

ORDER – 3

granted counsel's motion to withdraw. *See* Dkt. ## 16, 17.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal without prejudice. The Court exercises its discretion and declines to award fees and costs as a result of this dismissal. The Clerk of Court shall close the case.

DATED this 29th day of March, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4